UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


MONY LIFE INSURANCE COMPANY f/k/a
The Mutual Life Insurance Company of New York,

       Plaintiff,

v.                                                    No. 8:19-cv-2031-WFJ-TGW

BERNARD R. PEREZ,

       Defendant.
_____/

BERNARD R. PEREZ,

       Counter-Plaintiff,

v.

MONY LIFE INSURANCE COMPANY and
NEW ENGLAND CLAIMS ADMINISTRATION
SERVICES, INC. d/b/a DISABILITY
MANAGEMENT SERVICES, INC.,

       Counter-Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DOC. 113, PEREZ'S MOTION TO COMPEL DISCOVERY

This matter is a heavily-litigated dispute between Dr. Perez and the insurance companies about disability coverage. In a nutshell, Dr. Perez is insured under a MONY disability policy which provides for total or partial disability

payments. MONY states that the policy "remains in effect to the present day." Doc. 43 ¶ 5.

Perez suffered from cancer about 2011 and made claims upon the policy. MONY paid these claims for 77 periods, adjusting the monthly claim Perez submitted. The parties are in dispute about precisely what happened, but suffice it to say MONY has stopped paying claims, and Perez has stopped submitting them, because the parties, starting about 2015, became at loggerheads over whether Perez must submit to a detailed, forensic-type audit as part of the claims submission process. Regrettably, the policy contract says very little about this issue. The last monthly disability claim MONY paid was January 2018.

After some skirmishing in sundry litigation, the case boiled down to MONY's three-count, second amended complaint, Doc. 43. MONY seeks a declaratory judgment that its interpretation of the policy is correct, and Perez must submit to a detailed forensic audit to MONY's satisfaction as part of his claim submission requirements. MONY also seeks to recoup as unjust enrichment (Count Two) or restitution (Count Three) the 77 prior monthly claim payments it made to Perez under the policy.

Perez answered, denying the MONY claims and asserting various affirmative defenses. Doc. 51. Perez also asserted counterclaims against MONY and its servicer, Disability Management Services, Inc. ("DMS"). In Count One of

the counterclaim Perez asserts breach of the insurance contract against MONY. Count Two asserts statutory bad faith against MONY and DMS, under Florida Statute §624.155.  In the final count, Perez asserts fraud against DMS.

This case is unlike the routine "bad faith" case where the bad faith claim must be stayed or dismissed until coverage and coverage breach are established. Here, MONY admits Perez is an insured under a live policy.  And coverage was adjusted and paid by MONY to Perez for 77 months over seven years.  MONY asserts it is unjust and inequitable that it made such payments and the Court (or jury) should order Perez to disgorge them all back with interest and submit to its forensic audit as a requirement for submitting any claims going forward.

The Court has informed the parties that the jury must first adjudicate breach of coverage before the bad faith claim may be considered or brought up before a jury.  Whether this involves a bifurcated trial (with the bad faith claim presented second; only after a verdict of breach) or involves a second jury selected and held in reserve for the bad faith claim depends upon what the case looks like after summary judgment.  Only then can trial contours be visible.

MONY has served wide-ranging discovery upon Perez and, apparently, some of his related parties.  The Court held a two-hour hearing last week on MONY's motion to compel Perez, granting MONY's motion is part and denying it in part.  This instant Order appertains to Perez's motion to compel discovery from

the Counter-defendants, Doc. 113, with MONY's response at docket 125 and Perez's reply at docket 129. The matter was argued before the undersigned today's date by able counsel for both sides.

MONY contends that any discovery related broadly to bad faith or its claim handling is premature and should not occur at all. MONY's counsel has twice earlier mentioned the concern about punitive damages financial, net worth-type discovery. Punitive damages issues are not presented by the present motion and have not yet been in dispute in this case so far. Perez, if he gets that far, can certainly obtain financial evidence from the copious public filings by the insurance company.

MONY's objections to the scope of discovery involve citations to state court cases that are factually distinguishable from this one. MONY's argument would be much stronger had it not sought to reverse and recoup all these adjusted claims paid to its insured.

By seeking comprehensive disgorgement from its insured, MONY has subjected itself to discovery on the hows and whys of these payments. To the extent this involves proprietary or closely-held trade information, an appropriate protective order may be submitted. These are routine in commercial litigation and no doubt counsel on both sides have employed them frequently.

Perez is entitled to discover and prepare a defense as to why the 77 claims

4

Defendants adjusted and paid to him should in fairness and equity *not* be returned to MONY. His counterclaims do appear, at least in part, to be compulsory. And further, he is entitled to prove his affirmative defenses, if he can. He contends that Counter-defendants properly adjusted and paid those 77 claims that he presented and MONY followed its own guidelines in paying him—MONY now disagrees and wants it all disgorged.

The Eleventh Circuit has very recently provided advice to district courts on discovery matters. In *Akridge v. ALFA Mutual Ins. Co.,* the court stated:

> The discovery process depends on the parties participating in good faith. With that in mind, we begin our analysis with Federal Rule of Civil Procedure 26(b)(1) which sets forth the general scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance in the context of discovery "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). And since the Rules "strongly favor full discovery whenever possible," *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013), a civil litigant is generally entitled to "any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence." *Degen v. United States*, 517 U.S. 820, 825–26 (1996) (internal quotation mark omitted). Accordingly, information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).
>
> The Supreme Court has stressed on multiple occasions the need to construe the Rules liberally to allow for robust discovery. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 506 (1947) (advising that "the discovery provisions are to be applied as broadly and liberally as possible"); *see also Schlagenhauf v. Holder*, 379 U.S. 104, 114 (1964) (beginning its analysis "with the basic premise 'that the deposition-

5

discovery rules are to be accorded a broad and liberal treatment'"). Because "[m]utual knowledge of all the relevant facts . . . is essential to proper litigation . . . either party may compel the other to disgorge whatever facts he has in his possession." *Hickman*, 329 U.S. at 507. Nevertheless, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Id.* These limitations necessarily arise when—as Alfa alleges has happened here—"it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry" or "when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege." *Id.* at 507–08.

No. 19-10827, 2020 WL 2520631, at *3–4 (11th Cir. June 21, 2021).

With these Eleventh Circuit guideposts in mind, the Court turns to the specific items of the Perez Motion to Compel. The issues are set forth at Doc. 113:

*Items 9, 11*: Defense counsel states that the response is "no such documents," so this one is easy. A formal response should refer to the item numbers, and so state that no such items exist, with a verification by a company representative.

*Items 39 - 46:* Nawrocki Smith and Dr. Brodner are testifying for the defense. Documents evidencing all funds paid to them within the past ten years shall be produced. The existence of any indemnity agreements between the Counter-defendants is an item specifically listed as discoverable under Fla. R.

6

Civ. 1.280(b)(2),[1] suggesting that in Florida litigation this material may lead to discovery of admissible evidence. Thus Item 40 shall be produced. Further, all contracts between the Counter-defendants since 2011 shall be produced (Item 39) and documents sufficient to show all payments by MONY to DMS for its services (whether 1099's or otherwise) since 2011 shall be produced (Item 44).

*Item 47:* Defense objection is sustained as the matter, reinsurance, is presently not proportional.

The Counter-defendants desired a cut-off date which the Court employed in ruling on the defense motions to compel. Although the law is not entirely clear, Florida case law suggests that "statutes of limitations do not apply to compulsory counterclaims pursuant to *Allie v. Ionata,* 503 So. 2d 1237, 1240 (Fla. 1987)." *Johnson v. Allen, Knudsen, DeBoest, Edwards & Rhodes, P.A.*, 621 So. 2d 507, 508 (Fla. 2d DCA 1993); *see also Mayo Clinic Jacksonville v. Alzheimer's Inst. of Am., Inc.,* 683 F. Supp. 2d 1292, 1299 n. 8 (M.D. Fla. 2009). This matter may be addressed at summary judgment time, but the Counter-defendants' discovery under this Order is as stated above.

---

[1] "*Indemnity Agreements.* A party may obtain discovery of the existence and contents of any agreement under which any person may be liable to satisfy part or all of the judgment that may be entered in the action or to indemnify or to reimburse a party for payment made to satisfy the judgment. Information concerning the agreement is not admissible in evidence at trial by reason of the disclosure."

The parties are conferring on their respective due dates and should kindly inform the Court as to that matter by June 25, 2021.

**DONE AND ORDERED** at Tampa, Florida, on June 21, 2021.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**