UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONY LIFE INSURANCE COMPANY,

    Plaintiff,

v.                                                Case No: 8:19-cv-2031-WFJ-TGW

BERNARD R. PEREZ,

    Defendant.
_____/

BERNARD R. PEREZ,

    Counter-Plaintiff,

v.

MONY LIFE INSURANCE COMPANY
and NEW ENGLAND CLAIMS
ADMINISTRATION SERVICES, INC.,
d/b/a DISABILITY MANAGEMENT
SERVICES, INC.,

    Counter-Defendants.
_____/

## ORDER ON MOTIONS IN LIMINE

This matter comes before the Court on Defendant/Counter-Plaintiff Bernard R. Perez's Motions in Limine (Dkts. 301, 302, 303, 304, 305, 306, 307, 308, 311, 332, 333) and Plaintiff/Counter-Defendant MONY Life Insurance Company

("MONY") and Counter-Defendant Davies Life & Health, Inc.'s ("DLH")[1] Omnibus Motion in Limine (Dkt. 310). In addition to these motions, the Court reviewed several responses[2] and replies[3] filed by the parties.

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Given these motions are generally disfavored, "[e]vidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." *Acevedo v. NCL (Bah.) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). However, rulings on motions in limine are subject to change when the case unfolds. *Luce*, 469 U.S. at 41.

Upon careful consideration, it is hereby **ORDERED:**

1. Dr. Perez's Motion in Limine to Exclude Photo (Dkt. 301) is **GRANTED**. Photos and other evidence of the arrest discussed in this motion are irrelevant.

2. Dr. Perez's Motion in Limine Regarding Fine Dining (Dkt. 302) is **DENIED** without prejudice. The Court will consider contemporaneous objections at trial.

---

[1] Counter-Defendant Disability Management Services, Inc. changed its name to Davies Life & Health, Inc. in June 2022.
[2] Dkts. 339, 346, 347, 348, 349, 350, 351, 352, 353, 354, 356, 357.
[3] Dkts. 340, 358, 359, 360, 361, 362, 363, 364, 367, 368, 369.

3. Dr. Perez's Motion in Limine Regarding Travel (Dkt. 303) is **DENIED** without prejudice. The Court will consider contemporaneous objections at trial.

4. Dr. Perez's Motion in Limine Regarding Ownership of Practice (Dkt. 304) is **DENIED**. This evidence obtained by MONY in discovery is relevant to Dr. Perez's alleged underreporting of income and not unfairly prejudicial.

5. Dr. Perez's Motion in Limine Regarding Boating (Dkt. 305) is **DENIED** without prejudice. The Court will consider contemporaneous objections at trial.

6. Dr. Perez's Motion in Limine Regarding Car (Dkt. 306) is **GRANTED**. MONY and DLH have not supported their position that Dr. Perez's car is sufficiently relevant to his alleged underreporting of income.

7. Dr. Perez's Motion in Limine Regarding Condo (Dkt. 307) is **GRANTED**. MONY and DLH have not supported their position that Dr. Perez's condo purchased in 2008 is relevant to his alleged underreporting of income.

8. Dr. Perez's Motion in Limine Regarding Nudity (Dkt. 308) is **GRANTED**. References to nudity or salacious issues will not be admitted.

9. Dr. Perez's Motion in Limine Regarding Dr. David C. Brodner (Dkt. 311) is **GRANTED**. The parties agree that total incapacity is not an issue in this case, rendering irrelevant any testimony offered by Dr. Brodner to that effect.

10. Dr. Perez's Motion in Limine Regarding Undisclosed Evidence (Dkt. 332) is **DENIED**. With Dr. Perez having personal knowledge of the otherwise undisclosed deposition evidence and the facts underlying MONY's theory of damages developed during discovery, the admission of this evidence is harmless and need not be excluded under Federal Rule of Civil Procedure 37(c)(1).

11. Dr. Perez's Motion in Limine Regarding Untimely Expert Opinions (Dkt. 333) is **GRANTED**. Given they were not timely disclosed, Dr. Brodner and John Hoffman may only testify as rebuttal experts. They may not offer expert testimony in MONY's case-in-chief.

12. MONY and DLH's Omnibus Motion in Limine (Dkt. 310) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is **GRANTED** to the extent that it seeks exclusion of any reference to DLH's employees being unlicensed insurance adjusters, as Dr. Perez agrees that such evidence should not be introduced. The motion is **DENIED** in that it seeks exclusion of the term "cancer survivor." The

motion is **DENIED** without prejudice to the extent that it seeks to exclude the specialty letters.

**DONE AND ORDERED** at Tampa, Florida, on August 30, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record